4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher TRAYLOR, Plaintiff-Appellant,
v.
Marilyn LETTS, Defendant-Appellee.
 Nos. 93-1179, 93-1180.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1993.
 
 1
 Before BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Christopher Traylor, a pro se Michigan prisoner, appeals from a judgment of the district court dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Traylor alleged that on three occasions his incoming mail was unconstitutionally opened and read outside of his presence by defendant Letts. The mail at issue consisted of the following: on June 11, 1991, Traylor received from the Attorney General's Office a motion to dismiss or for summary judgment; on June 14, 1991, Traylor received from the Attorney General's Office a motion for enlargement of time; and on June 18, 1991, Traylor received from the prosecuting attorney's office a motion to dismiss or for summary judgment. Traylor alleged that Letts's actions were arbitrary, willful and malicious, were in violation of his First Amendment right to confidential correspondence and were in violation of Michigan Administrative Regulation 791.6603. Traylor sued Letts in her individual capacity only and, for relief, sought only compensatory damages.
 
 
 4
 Letts moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and for summary judgment pursuant to Fed.R.Civ.P. 56(b), arguing that Traylor's constitutional rights were not violated, that Traylor had failed to show a denial of access to the courts, and that Letts was entitled to qualified immunity. The district court granted Letts's motion for summary judgment, determining that Traylor's First Amendment rights were not violated, that Traylor had not sufficiently pleaded a cause of action based upon retaliation, that Traylor was not deprived of due process, and that Letts was entitled to qualified immunity. On appeal, Traylor argues that the First Amendment protects his right to confidential correspondence and that Letts was not entitled to qualified immunity.
 
 
 5
 This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Pursuant to Fed.R.Civ.P. 56(c), summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 
 
 6
 This circuit has determined that prisoners "have some First Amendment rights in receiving mail...." Parrish v. Johnson, 800 F.2d 600, 603 (6th Cir.1986). Accordingly, the arbitrary opening and reading of personal mail, without justification, based upon an official's personal prejudices, violates the First Amendment. Id. at 604.
 
 
 7
 Traylor complains that Letts's actions were in violation of Administrative Regulation 791.6603. We disagree. Pursuant to subsection (3), "all incoming mail shall be opened and inspected for money and contraband before delivery to the addressee." However, pursuant to subsection (4), upon specific written request by the prisoner, "mail which is clearly identified as coming from the prisoner's designated attorney, the legislative corrections ombudsman, or a state or federal court shall be opened and inspected for contraband in the prisoner's presence." The mail at issue did not come from Traylor's attorney, the legislative corrections ombudsman, or a state or federal court. Therefore, it did not fall within the language of Administrative Regulation 791.6603. Further, there was no indication that the mail was marked as confidential or privileged. Moreover, the three mailings all contained material, i.e., public documents, that are not confidential in nature. In light of the foregoing, Traylor's First Amendment rights were not violated.
 
 
 8
 As to any claim of retaliation or of denial of procedural due process, those claims have been abandoned as they are not raised on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 9
 Because we conclude that Traylor's First Amendment rights were not violated, we do not address the issue of qualified immunity.
 
 
 10
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation